# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA KRUKOWSKI**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 5282 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **OMICRON TECHNOLOGIES, INC.**, | ) | |
| **MARILYN G. RABB FOUNDATION**, | ) | |
| and **LIONEL RABB**, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Cynthia Krukowski ("Krukowski") filed this action against Defendants Omicron Technologies, Inc. ("Omicron"), the Marilyn G. Rabb Foundation ("the Foundation"), and Lionel Rabb ("Rabb") (collectively, "the Defendants"), alleging sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., breach of contract, fraud, and consumer fraud. On March 31, 2011, this Court dismissed without prejudice Counts V (fraud) and VI (consumer fraud) of Krukowski's First Amended Complaint on the ground that these claims were preempted by ERISA. The Court allowed Krukowski to amend her complaint, and she subsequently did so by omitting her consumer fraud claim. Notwithstanding the Court's order, however, she reasserted her fraud claim and filed a motion for reconsideration of the March 31 order. Defendants also filed a motion to dismiss the fraud claim from Krukowski's

Second Amended Complaint. For the reasons stated below, the Court finds that Krukowski's motion for reconsideration is granted, and the Defendants' motion to dismiss is denied.

In its prior order, the Court found that Krukowski's fraud claim was preempted by ERISA by analogy with the Seventh Circuit's decision in *McDonald v. Household Int'l, Inc*., 425 F.3d 424 (7th Cir. 2005). In that case, an employee was told that he would be covered by a health insurance plan thirty days after his employment began. Coverage, however, did not begin as promised, and the plaintiff suffered a catastrophic stroke prior to the actual start date. He brought tort and breach of contract actions against his employer, including a negligence claim based on the failure to procure insurance. Finding that plaintiff was a plan "participant" even though he was not, in fact, covered by an ERISA plan at the time of his stroke, the Seventh Circuit concluded that his claim that the employer negligently failed to provide plan benefits as promised was allowed under § 1132(a)(1)(B) of ERISA. Accordingly, his state law actions seeking the same relief were preempted under ERISA. *McDonald*, 425 F.3d at 429.

Krukowski's First Amended Complaint alleged facts that were similar enough to *McDonald* to bring it within the Seventh Circuit's decision. Krukowski claimed that she was entitled to health insurance benefits under her employment contract with Omicron. On October 31, 2009, Omicron allegedly transferred "most" of its employees to a health plan maintained by the Foundation. First Amended Complaint at ¶ 41. Krukowski, however, was not one of these employees, and she claimed that Omicron terminated her plan coverage on that date. Thus, when she arrived at a hospital in December, 2009 and was told by Defendant Rabb that she continued to be covered by Omicron's insurer, the Defendants committed fraud because they knew that she lacked such coverage.

Notably absent from Krukowski's earlier complaint was any allegation that Omicron's plan was *itself* not in existence at the time she incurred hospital expenses; as most, but not all, of Omicron's employees were allegedly transferred to the Foundation's plan, no inference could be made from the complaint itself that Omicron's plan did not continue to provide benefits for those employees who were not moved to the other ERISA plan.  Instead, Krukowski alleged only that her own coverage under Omicron's plan had come to an end.  First Amended Complaint at ¶¶ 41-43.  Krukowski overlooked in her earlier arguments that the termination of coverage for an employee is not necessarily the same as the termination of a plan itself.  As *McDonald* noted, the fact that an employee does not have coverage under a plan does not, in itself, mean that she is not a plan "participant."  *McDonald*, 425 F.3d at 429 ("ERISA defines the term 'participant' to mean 'any employee *or former employee* of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer. . . .'") (emphasis added) (citing 29 U.S.C. § 1002(7)).  Moreover, Krukowski also alleged that she was at all times employed both by Omicron and the Foundation.  She did not dispute that the Foundation provided health care coverage for the transferred Omicron employees under its own ERISA plan and did not claim that – as an alleged Foundation employee until her termination in January, 2010 – she was not eligible for coverage under the Foundation's plan.  Accordingly, the Court determined that her fraud claim was preempted by ERISA.

Krukowski now argues that the Court's ruling was incorrect because her ERISA and state law claims were pled in the alternative, and the Court improperly conflated her fraud and ERISA causes of action.  The Court disagrees with this analysis of the First Amended Complaint.

Federal Rule of Civil Procedure 8(e)(2) allows a party to assert claims for relief in the alternative. Fed. R. Civ. P. 8(e)(2). However, the First Amended Complaint gave no indication that it was doing anything more than asserting a variety of grounds for relief based on a single set of facts that applied to all of Krukowski's different causes of action. The Seventh Circuit has stressed that, although parties need not use special language to plead in the alternative, "they must use a formulation from which it can be reasonably inferred that this is what they are doing." *Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000). Even liberally construed, the First Amended Complaint did not do so, as all of Krukowski's causes of action were premised on the same fact allegations. Krukowski's fraud claim specifically incorporated all the allegations that preceded it, including her causes of action under ERISA and the facts on which those actions were based. First Amended Complaint at ¶ 80. As *Holman* notes, this is pleading in tandem, not pleading in the alternative. *Holman*, 211 F.3d at 407.

The Second Amended Complaint remedies this defect by stating that the fraud claim is asserted "should the PLAN be discovered not to exist in December 2009." Second Amended Complaint at p. 22. This language distinguishes the fraud claim from the one asserted in Krukowski's earlier complaint by premising it on the absence of an ERISA plan. As such, the fraud cause of action falls outside the facts of *McDonald* because it no longer seeks a recovery of medical expenses that should have been paid by a health plan. Instead, Krukowski asserts a theory of liability based on an alternative set of facts that does not involve the existence of an ERISA plan. Such pleading is proper under Rule 8(e)(2), which permits a party to assert inconsistent grounds for relief. *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003). As such, Krukowski now avoids the Court's primary concern in its prior

order that the existence of an ERISA plan formed an integral part of her fraud action and that she was asserting her state claim merely as "an alternative enforcement mechanism to ERISA." *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765, 773 (7th Cir. 2002).

Even with Krukowski's new alternative pleading, however, her fraud claim does not automatically escape from Defendants' motion to dismiss because courts have not reached a consensus as to whether state law claims can be saved from the force of ERISA's preemption merely by being pled in the alternative. *See Coleman v. Standard Life Ins. Co*., 288 F. Supp.2d 1116, 1120-21 (E.D. Cal. 2003) (citing cases and finding against preemption). Unfortunately, neither party has addressed this line of cases, but the Court is not entirely without guidance on the issue. In *Gallagher Corp. v. Mass. Mut. Life Ins. Co*., 940 F. Supp. 176 (N.D. Ill. 1996), the plaintiff alleged a breach of fiduciary duty under ERISA and, alternatively, state law theories such as negligence and negligent misrepresentation. Finding that the plaintiff had properly pled his theories of relief in the alternative, the court denied a motion to dismiss the tort claims as preempted by ERISA and allowed the parties to determine through discovery whether the defendant, Mass Mutual, was an ERISA fiduciary or not. *Gallagher*, 940 F. Supp. at 182. "If Mass Mutual is a fiduciary, it will be shielded from these state liability laws; if it is not a fiduciary, it will be shielded from ERISA." *Id*.

The Court agrees with this reasoning and concludes that the question of whether an ERISA plan existed at the time Krukowski received medical treatment is a crucial fact determination that should be left to the discovery process. The Defendants are not prejudiced by such a result because a Rule 12(b)(6) motion is not the only means by which they can set aside Krukowski's state law claim as preempted. Courts in this District have reserved decisions on

ERISA preemption for summary judgment when the facts underlying a plaintiff's claims need to be developed through discovery. *See Samas v. Anthem Health & Life Ins. Co.*, No. 01 C 8226, 2002 WL 1160112, at *3 (N.D. Ill. May 29, 2002). The Court believes that under these facts Krukowski's fraud claim is also best addressed at the summary judgment stage.

For these reasons, Krukowski's motion for reconsideration [Dckt. 46] is granted. While the Court finds that its earlier order is correct under the allegations asserted in the First Amended Complaint, it amends its order to reflect a dismissal of the fraud claim without prejudice, thereby allowing its repleading in the Second Amended Complaint. For all the reasons stated in this order, Krukowski has properly pleaded the fraud claim in her new complaint, and the Defendant's motion to dismiss [Dckt. 55] Count V of the Second Amended Complaint is denied.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
**Dated:** June 28, 2011.                     United States Magistrate Judge