# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **CYNTHIA KRUKOWSKI**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 5282 |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Martin C. Ashman |
| **AETNA HEALTH OF ILLINOIS, INC.,** | ) | |
| **OMICRON TECHNOLOGIES, INC.,** | ) | |
| **MARILYN G. RABB FOUNDATION**, | ) | |
| and **LIONEL RABB**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Cynthia Krukowski ("Krukowski") filed this action against Aetna Health of Illinois, Inc. and Defendants Omicron Technologies, Inc. ("Omicron"), the Marilyn G. Rabb Foundation ("the Foundation"), and Lionel Rabb ("Rabb") (collectively, "the Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., breach of contract, and fraud. Count I of the second amended complaint also states a cause of action for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. In addition to alleging that her health insurance benefits and her employment were terminated because of her sex, Krukowski claims that the Defendants violated Title VII by subjecting her to a hostile work environment, sexual harassment, and retaliation. Before the Court is Defendants' Motion for Judgment on the Pleadings, seeking to dismiss the latter claims and to dismiss several paragraphs of the amended complaint. For the reasons stated below, Defendants' motion is granted.

# I. <u>Background</u>

In May or June of 2009, Krukowski became an employee of Omicron, a consulting firm based in Chicago, Illinois that specializes in developing software packages used in the student information industry and in educational organizations.[1]  *See* http://www.omicrontech.net/About. Acting as a Senior Project Manager, Krukowski alleges that she performed job duties for both Omicron and the Foundation, a non-profit organization dedicated to creating programs for young people in the Chicago area.  *See* http://www.omicrontech.net/MGRF.  According to Krukowski, Omicron and the Foundation are indistinguishable entities, with Defendant Rabb serving as the Foundation's founder and as Omicron's president.

Krukowski alleges in her second amended complaint that Rabb pressured her to attend various after-hours meetings with him against her will, including social settings unrelated to her work.  This included a phone call on December 8, 2009 in which Rabb allegedly threatened Krukowski with termination if she did not meet him at a bar for drinks at approximately 10:45 p.m.  While working at the Foundation, Krukowski was assigned to assist a male supervisor in preparing a contract bid with the Louisiana Department of Education.  The bid was eventually unsuccessful, and on January 20, 2010, Rabb met with Krukowski at a restaurant to discuss Omicron's failure to win it.  According to Krukowski, Rabb told her to take two days off from her job duties.  After that period had elapsed, he then orally terminated her employment on January 22, 2010.  Krukowski alleges that her termination was the result of sexual

---

[1]  Krukowski's allegations related to her employment contract and ERISA claims were discussed in the Court's earlier order and are not restated here.

discrimination, including a sexually hostile work environment and retaliation for rebuffing Rabb's unsolicited attentions.

## II.  <u>Legal Standard</u>

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the pleadings are closed, provided that the motion does not delay the start of trial.  Fed. R. Civ. P. 12(c); *Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  A Rule 12(c) motion "employ[s] the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).  "Thus, [a court] view[s] the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion 'only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" *Id*. (quoting *Northern Ind. Gun*, 163 F.3d at 452).  All well-pleaded facts are assumed to be true, and all reasonable inferences are seen in the light most favorable to the nonmoving party.  *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  When, as here, documents are attached to a complaint, and are central to the plaintiff's claim, they are deemed to be part of the pleadings and do not require a court to convert the Rule 12 motion into one for summary judgment pursuant to Rule 12(d).  *See Venture Associates Corp. v. Zenith Data Systems Corp*., 987 F.2d 429, 431 (7th Cir. 1993); *Chicago Police Sergeants Ass'n v. City of Chicago*, No. 08 C 4214, 2010 WL 3526486, at *3 (N.D. Ill. Sept. 3, 2010).

## III.  <u>Discussion</u>

The parties' arguments in this dispute are clear and to the point. Defendants claim that Krukowski's EEOC charges alleged only sex discrimination and that, as a result, all claims asserted in the second amended complaint concerning sexual harassment, retaliation, and a hostile work environment are barred. In response, Krukowski contends that all of her claims survive a Rule 12(c) challenge because the EEOC's investigation of her complaints encompassed all of the allegations that are included in the second amended complaint.

"Generally, a Title VII plaintiff may bring only those claims that were included in her EEOC charge[.]" *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc*., 538 F.2d 164, 167 (7th Cir. 1976) (en banc). As the Seventh Circuit has explained, allowing plaintiffs to assert claims that were not submitted to the EEOC would frustrate that agency's investigatory powers and deprive the charged party of notice of all the issues that could be asserted against it. *Cheek v. Western and Southern Life Ins. Co*., 31 F.3d 497, 500 (7th Cir. 1994).

This standard, however, is not without some leeway, and courts apply a two-part test in determining if claims are cognizable. First, Title VII claims must be "like or reasonably related to the allegations of the charge[.]" *Jenkins*, 538 F.2d at 167. This test is not met "unless there is a factual relationship between" the claims presented to the EEOC and the court. *Cheek*, 31 F.3d at 501. "This means that the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Id*. Second, the allegations set forth in a complaint must be such that they can reasonably be expected to grow out of an EEOC investigation of the charge's allegations. *Id*. at 500. "Normally, retaliation, sex discrimination, and sexual harassment charges are not like or reasonably related to one another to permit an

EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003).

On February 22, 2010, Krukowski filed the first of her two EEOC charges by checking the box for "sex discrimination." In her written comments supporting the charge, Krukowski alleged that her health insurance had been unilaterally cancelled by Lionel Rabb and the Foundation, that she had been assigned to assist a male supervisor on the Louisiana Board of Education project, and that Rabb told her on January 22, 2010 that she was being terminated because the project had been unsuccessful. By contrast, her male supervisor was not terminated. The second EEOC charged filed on March 3, 2010 is identical in all respects to the initial one, with the exception that it named Omicron Technologies, Inc. as the charged party. Neither of the charges alleged that Rabb had retaliated against Krukowski because of her reluctance to engage in post-work activities or asserted any facts related to a hostile work environment or sexual harassment.

The omission in these EEOC charges of any allegations related to retaliation, hostile work environment, or sexual harassment requires a finding that these claims asserted in the second amended complaint are not like or reasonably related to the EEOC charges. Indeed, Krukowski does not present any argument as to how her EEOC charges could be construed to include such allegations, other than the broad claim that they all fall within the orbit of "sex discrimination." The Seventh Circuit has clearly rejected such reasoning, at least in the blanket form proposed by Krukowski. *Cheek*, 31 F.3d at 501 ("Because an employer may discriminate on the basis of sex in numerous ways, a claim of sex discrimination in an EEOC charge and a claim of sex discrimination in a complaint are not alike or reasonably related just because they

both assert forms of sex discrimination").  There must be a factual relationship between the allegations presented to the EEOC and those asserted in a complaint for the first prong of the *Jenkins* test to be satisfied.  Here, the facts supporting Krukowski's allegations in her complaint are entirely distinct from those she presented to the EEOC.

Krukowski essentially concedes this issue, arguing instead that she meets the second prong of the two-part test stated above because all of her claims were, in fact, discussed as part of the EEOC investigation that eventually took place.  This argument fails on several grounds.  When, as here, a plaintiff fails to meet the first part of the *Jenkins* test, a court does not move on to consider whether an EEOC investigation could have encompassed additional claims.  *Id.*, 31 F.3d at 500 ("[W]e need not so speculate in this case, because Cheek fails to satisfy the first part of the test").  This is because the appropriate standard is not the nature of the investigation that actually took place – an evidentiary issue that would presumably require converting the instant motion to one for summary judgment – but whether Krukowski's current claims "can reasonably be *expected* to grow out" of the EEOC charge that preceded the filing of the lawsuit. *Id*. (emphasis added).   Krukowski presents no argument as to how an EEOC investigation of sexual harassment, a hostile work environment, and retaliation could have been expected to grow out of her allegations when the EEOC charges do not include any facts related to these claims.  Moreover, even if Krukowski is correct, and the facts of the actual EEOC proceeding are relevant to this issue, she has presented no evidence concerning the EEOC investigation that took place.  For these reasons, Krukowski fails to show how her claims of sexual harassment, hostile work environment, and retaliation have any reasonable relationship to her EEOC charges, and Defendants' motion is granted on this point.

In their request for relief, Defendants also ask the Court to strike paragraphs 23 -26 and paragraph 33 of the second amended complaint. These paragraphs concern allegations that support Krukowski's claims of sexual harassment, hostile work environment, and retaliation. Under Rule 12(f), a court is allowed to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have "considerable discretion in deciding these issues and, as a general matter, motions to strike . . . under Rule 12(f) are disfavored." *Seoud v. E.F. Hutton & Co., Inc*., 720 F. Supp. 671 686 (N.D. Ill. 1989); *see also Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992) ("Motions to strike under Federal Rule 12(f) are not favored, and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial").

Ordinarily, the Court would be reluctant to strike these non-prejudicial allegations in light of the disfavored nature of doing so under Rule 12(f). At the hearing on Defendants' motion, however, Krukowski essentially withdrew her objections to the motion to strike as long as Defendants agreed that discovery, including the depositions that will be taken in this case, could include questions concerning the allegations contained in the stricken paragraphs. Accordingly, the Court grants Defendants' motion to strike paragraphs 23, 24, 25, 26 and 33 of the second amended complaint, but doing so will not prevent Krukowski from questioning the deponents on factual matters related to the allegations set forth in those portions of her complaint.

## IV.  Conclusion

For the foregoing reasons, Defendants' motion for judgment on the pleadings is granted in its entirety, and Count I of the second amended complaint is dismissed insofar as it states causes of actions for retaliation, sexual harassment, and a hostile work environment.

**ENTER ORDER:**

**MARTIN C. ASHMAN**
United States Magistrate Judge

**Dated:** January 11, 2012.