

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA KRUKOWSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 CV 5282 |
| ) | |
| OMICRON TECHNOLOGIES, INC. ) | |
| MARILYN G. RABB FOUNDATION, ) | Magistrate Judge |
| and LIOEL RABB, ) | Arlander Keys |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

The Second Amended Complaint [44] is currently the controlling complaint. In the Second Amended Complaint, Plaintiff Cynthia Krukowski pleads causes of action against Defendants Omicron Technologies, Inc. ("Omicron"), the Marilyn G. Rabb Foundation ("the Foundation"), and Lionel Rabb ("Rabb") (collectively, "the Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., breach of contract, and fraud. Count I of the Second Amended Complaint also states a cause of action for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Before the Court are Plaintiff's Motion to Extend the Discovery Deadline [125] and Plaintiff's Motion for Leave to File a Third Amended Complaint [127]. For the reasons stated below, Plaintiff's motions are granted.

I. **Procedural History**

On August 20, 2010, Plaintiff filed her initial Complaint

against the Defendants alleging violations of ERISA, breaches of contract, and fraud. [1] Defendants moved to dismiss Plaintiff's ERISA and state law claims on October 29, 2010. [12-13] On November 16, 2010, the Court first ordered that non-expert discovery be closed as of June 1, 2011. [20] On December 16, 2010, Plaintiff filed her First Amended Complaint. [23] Defendants filed a motion to dismiss and the Court ruled that Plaintiff's Illinois state tort counts were preempted by ERISA. [42-43] Shortly thereafter, on April 21, 2011, Plaintiff filed her Second Amended Complaint. [44] Next, Plaintiff filed a Motion for Reconsideration on ERISA's preemption of the state counts and Defendants filed another motion to dismiss. [46-47, 55] In June 2011, Judge Ashman granted Plaintiff's Motion for Reconsideration and allowed her state law fraud count to stand, denying Defendant's motion to dismiss Count V. [62-63]

On May 4, 2011, all parties agreed, and the Court ordered, that the discovery deadline be extended to August 31, 2011. [53] From March through August 2011, the parties discussed settlement. (Reply to Motion to Amend at Ex. 1, ¶2.) In August 2011, the parties agreed to proceed with a settlement conference and the Court set a settlement conference for October 3, 2011. [79] All the parties agreed that in order to save on expenses, discovery and additional pleadings would be delayed until after the settlement conference. (Reply to Motion to Amend at Ex. 1, ¶3.)

2

As such, Defendants' counsel filed a Motion to Extend Discovery, which was granted and the new deadline was December 16, 2011. [85-87] After the settlement conference failed, on November 1, 2011, the Court again continued the fact discovery deadline to February 1, 2012. [102] Most recently, on January 4, 2012, Judge Ashman ordered that discovery be closed on April 2, 2012. [116]

On January 10, 2012, the Court ordered all paragraphs alleging sexual harassment, hostile work environment and retaliation be stricken from Plaintiff's Second Amended Complaint. [117-118] Judge Ashman did not enter an order for a final date to amend the complaint. On March 13, 2012, less than 30 days prior to the April 2, 2012 close of discovery, Plaintiff issued Supplemental Discovery Requests to Defendants based on Plaintiff's deposition, which was completed on March 10, 2012.

On April 2, 2012, Plaintiff filed her Motion for Leave to File a Third Amended Complaint [127] and Motion to Extend the Discovery Deadline [125]. On April 26, 2012, Plaintiff issued a Third Set of Requests to Produce to Defendants. Prior to the ruling on the pending motions, on June 12, 2012, this case was reassigned to this Court. [140] No trial date has been set, nor are there any dispositive motions pending.

## II. Motion for Leave to File a Third Amended Complaint

Once the 21-day period for amending as a matter of course has passed, a plaintiff may amend his or her complaint only with

3

the opposing party's written consent or with leave of the court. See Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend a complaint, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Nonetheless, "in disposing of a motion to amend pleading, the court should be prompted by a desire to do justice between the parties rather than to penalize counsel." *In re Haskell*, 73 F.2d 879, 880 (7th Cir. 1934). Under the liberal amendment policy of the Federal Rule of Civil Procedure governing amendment of complaints, a district court's denial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. See Fed. R. Civ. P. 15(a).

In Counts II and III of Plaintiff's Second Amended Complaint, Plaintiff claims that her health insurance coverage was improperly terminated by Defendants and that she was not notified of this termination. [44] Now, Plaintiff requests this Court to grant her leave to file a Third-Amended Complaint adding a count for breach of contract relating to the same allegations

made in Counts II and III of her Second Amended Complaint. Plaintiff states that she needs no additional discovery related to this count and that it will not delay the proceedings in this case. Plaintiff also contends that this count was not brought earlier in the litigation because it is based on evidence collected during the spring of 2012.

Defendants oppose Plaintiff's motion for leave to amend. They argue that the amendment to the complaint would unduly prejudice them by delaying the resolution of the claims and resulting in additional substantial litigation expenses. In response, Plainitff asserts that she did not file her motion to amend her complaint in bad faith or with a dilatory motive. (Mot. to Amend, p. 7.) Plaintiff expounds by stating that she requested to amend her complaint less than a month after her deposition was completed, prior to the completion of discovery, and shortly after Defendant Lionel Rabb's deposition. In addition, she argues that Defendants are the ones who "have repeatedly stalled and prevented this case from moving since June 2011." (Reply to Mot. to Amend, p. 1.)

The Court does not find the timing of Plaintiff's request to amend, in April 2012, to be undue. The Court acknowledges that there have been delays in this matter, but after reviewing the procedural history, correspondence between the parties, and reasons for delay set forth by both parties, it does not appear

that the delays were caused only by one side or have prejudiced either side.

Defendants also argue that "Ms. Krukowski has not actually suffered any fraud damages and thus, she cannot ultimately prevail upon this claim (under either the Second or Third Amended Complaints)." The issue of damages related to the already existing fraud claim will not be evaluated at this stage of litigation. Both sides have set forth arguments regarding the existence of damages in the briefing of the Motion to Amend, but these arguments are not appropriate at this time and should be presented in a dispositive motion.

After reviewing Defendants' argument, the Court does not consider the amendment of the Complaint to be based on a dilatory motive on the part of the Plaintiff or undue prejudice to Defendants. Plaintiff's Motion for Leave to Amend the Complaint is granted.

### III. Motion to Extend the Discovery Deadline

Federal Rule of Civil Procedure 16(b) provides that a schedule should only be modified for good cause and by leave of the court. A party demonstrates sufficient good cause to alter the discovery deadlines established when it shows that, "despite their diligence, the established timetable could not be met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D.Ind.1995). Courts enjoy wide latitude in managing their dockets, setting discovery

deadlines, and ruling on motions to continue. *See Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998). In her motion to extend the discovery deadline, Plaintiff requests 60 additional days from the ruling on this motion. Fact discovery was ordered closed on April 2, 2012, the date the present motion was filed. [116] In the briefing of this motion, the parties provide a list of delays (with supporting exhibits) that have occurred in this case. Both sides blame the other for undue delay in discovery, citing health issues, scheduling conflicts, new attorneys entering the case, improperly answered discovery, and new parties that were added and/or dismissed from the case, to name a few.

According to Plaintiff, the deposition of an Aetna underwriter, who is likely out of state, still needs to be conducted. In addition, Plaintiff is waiting on responses to her supplemental requests to produce, which were issued on March 13, 2012 and April 26, 2012. Plaintiff also states that Defendants' counsel has promised to supplement Defendants' discovery responses because of additional evidence that came to light during the depositions.

Defendants argue that the supplemental requests to produce were both late – one issued less than 30 days before the close of discovery and the other issued after the April 2, 2012 discovery deadline – and an attempted "fishing expedition." In response,

Plaintiff contends that her need to seek supplemental discovery was only realized after the depositions were completed and are unrelated to her additional count in the Third Amended Complaint.

After reviewing the briefing and exhibits, including extensive correspondence between the parties discussing rescheduling and delays, it does not appear that either party was attempting to purposefully delay these proceedings or delayed discovery requests to gain a tactical advantage. This ruling in no way comments on the appropriateness of the outstanding discovery requests. If Defendants have objections to the discovery, they should put them in writing and the parties are to conduct a Federal Rule of Civil Procedure 37 conference. Plaintiff's Motion to Extend the Discovery Deadline is granted. The fact discovery deadline is extended to November 16, 2012. The parties are to work diligently to meet this deadline. If there are any disputes regarding outstanding discovery that need to be addressed by the Court, they should be brought to the Court's attention well in advance of the November 16, 2012 deadline.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint [127] is granted. Plaintiff is to file, within ten days of this decision, her Third Amended Complaint as a separate document. In addition, Plaintiff's motion to Extend Discovery is granted. The new discovery deadline is November 16, 2012. Status hearing set for Friday, September 28, 2012 at 9:00 a.m.

Dated: August 29, 2012

ENTERED:

*Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

9